IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REGINALD L. BRAZELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-285-R |
| | ) |
| DAVID BUSS, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Petitioner Reginald L. Brazell's Motion for Relief [from] Judgment Pursuant to Fed. R. Civ. P. Rule 60(b)(4). (Doc. No. 34). Upon consideration of the filing, the Court DENIES the Motion.

On April 29, 2004, Mr. Brazell was convicted of first-degree robbery in the Oklahoma County District Court. (*See* Doc. No. 1). He later filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was denied by this Court on June 20, 2007. (Doc. No. 21). He brings the present Motion alleging that his state conviction is void because the state court lacked jurisdiction to prosecute him based on the United States Supreme Court's ruling in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020).

---

[1] Mr. Brazell is currently incarcerated at the Dick Conner Correctional Center in Hominy, Oklahoma. He named Janet Dowling as the Respondent to this Motion; however, the Acting Warden is David Buss. *See* https://oklahoma.gov/doc/facilities/state-institutions/dick-conner-correctional-center. Pursuant to Fed. R. Civ. P. 25(d), the Court has substituted David Buss as the Respondent in this case.

To seek relief from a judgment or order under Rule 60(b)(4), the motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Additionally, if the Rule 60(b) motion includes a claim that amounts to a second or successive habeas petition not yet authorized by a circuit court of appeals, the district court must dismiss that claim for lack of jurisdiction unless justice requires its transfer to the circuit court for consideration. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also* 28 U.S.C. § 2244(b)(3)(A).

Here, even if the Court determined that Mr. Brazell's Motion was made within a reasonable time, his claim for relief fails as it is an unauthorized second or successive habeas petition. Thus, the Court lacks jurisdiction to entertain the Motion. The Court declines to transfer the Motion to the Tenth Circuit Court of Appeals for consideration as it would not be in the interest of justice to do so because the Court's ruling in *McGirt* does not apply retroactively. *See State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689, ¶ 15 (Okla. 2021) (holding that *McGirt* "shall not apply retroactively to void a conviction that was final when McGirt was decided.") *cert. denied sub nom. Parish v. Oklahoma*, 142 S. Ct. 757 (2022); *see generally Willis v. Crow*, No. CIV-22-92-J, 2022 WL 576559, at *2 (W.D. Okla. Feb. 25, 2022) (noting that the Supreme Court has not expressly held that *McGirt* was intended to be applied retroactively).

Under Rule 11 of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. Here, the Court finds that no reasonable jurist would debate that Petitioner's Rule 60(b)(4) Motion was, in part, an unauthorized second or successive Section 2254 petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies

a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). Accordingly, Petitioner's Motion (Doc. No. 34) is DENIED, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 21st day of December 2022.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE